Petition of SKIBS A/S JOLUND, in a cause of exoneration from and limitation of liability for damages arising out of a fire on board THE BLACK GULL on July 18, 1952.

WURTTEMBERGISCHE UND BADISCHE VEREINIGTE VERICHERUNGSGESELLSCHAFTEN A.S., Libelants,

v.

BLACK DIAMOND STEAMSHIP CORPORATION and Black Diamond Lines, Inc., Respondents.

AMERICAN SMELTING & REFINING COMPANY, Atkinson Haserick & Co., Anglo Fabrics Company, et al., Libelants,

v.

BLACK DIAMOND STEAMSHIP CORPORATION and Black Diamond Lines, Inc., Respondents.

Maria Angelina VERBEECK, Maurice Verbeeck, Simone Verbeeck and Lee Verbeeck, Libelants,

v.

BLACK DIAMOND STEAMSHIP CORPORATION and Black Diamond Lines, Inc., Respondents.

United States District Court
S. D. New York.
July 29, 1958.

Pyne, Brush, Smith & Michelsen, New York City, for Skibs A/S Jolund. Warner Pyne and Dudley C. Smith, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for libelants, cargo claimants and death claimant. Henry M. Longley and John W. R. Zisgen, New York City, of counsel.

Abberley, Kooiman & Amon, New York City, for seven passengers. John J. Abberley, New York City, of counsel.

Dow & Stonebridge, New York City, for Black Diamond S. S. Corp. Daniel W. Stonebridge, and Raymond W. Mitchell, New York City, of counsel.

DIMOCK, District Judge.

These are four proceedings which arise out of a disaster in which the M/V Black Gull was destroyed by fire. The first is a proceeding for exoneration from, or limitation of, liability instituted by Skibs A/S Jolund, owner of the Black Gull. The second and third cases are suits for non-delivery of, and damage to, the cargo which was on board the Black Gull at the time of the fire. Libelants, in those two suits, were the owners or underwriters of that cargo. Respondent in those suits, Black Diamond Steamship Corp., was the time charterer of the Black Gull and issued the bills of lading for the cargo carried on that voyage. The fourth proceeding is one for wrongful death of a Belgian mess-boy, brought by his widow and children against the same respond-

ent. I have not attempted to distinguish between libelants and claimants and, for purposes of this opinion, I have grouped both under the term "libelants" except where otherwise indicated.

The proceedings were tried before me and I granted the petition for exoneration and denied any recovery to libelants. D.C., 144 F.Supp. 47. I held that the fire must have been caused either by spontaneous combustion or external ignition. I found that libelants had failed to sustain their burden of proof that petitioner or respondent was negligent in accepting cargo in a condition susceptible to spontaneous combustion or in failing to stow it so as to inhibit spontaneous combustion. I assumed without deciding that the failure to cover the cargo of naphthalene with a tarpaulin was either negligent or in violation of a controlling statute or regulation. I held, however, that the failure to cover the stow with a tarpaulin could not have been a contributing cause of the fire.

The Court of Appeals, 2 Cir., 250 F.2d 777, reversed the decrees and held that I was wrong in saying that the failure to cover the stow with a tarpaulin could not have been a contributing cause of the fire. The Court of Appeals made many findings of its own by which I consider myself bound but sent the cases back for further findings on two issues:

(1) Was it negligent to fail to cover the cargo to protect it from the sun or from outside ignition? [1]

(2) If so, was the negligence the cause of the damage?

All parties have agreed to resubmit the cases on the same record.

My ultimate findings on the questions submitted by the Court of Appeals are that libelants failed to sustain their burden to prove that any of them should be answered in the affirmative. Subsidiary findings in addition may be useful and I

[1] At page 786 this was stated as "Was it negligent to fail to cover the cargo from the sun?" but at page 784 the Court of Appeals had said, "the trial court should have made findings upon the question of whether there was negligence * * * in the respect claimed by the appellants, namely, the failure to cover the cargo to protect it from the sun *and from outside ignition.*" (Emphasis supplied.)

shall proceed to make some in the course of my subsequent discussion.

■ I cannot, in the face of the discussion in the opinion of the Court of Appeals, say that there was no evidence of negligence. Indeed the violation of certain safety regulations prescribing tarpaulin covering for naphthalene constituted evidence of negligence. I am not, however, considering the question whether there was sufficient evidence to require its submission to a jury. My task is to decide whether the evidence, by a fair preponderance, indicated negligence. The burden was upon libelants to show what petitioner and respondent did that they ought not to have done or what they did not do that they ought to have done.

Most of the discussion centered about tarpaulin covering.

The use of tarpaulin covers would not have protected the naphthalene from the heat of the sun. Their use would have increased the temperature of the naphthalene. Even if the cover had been limited to the top of the stow the heat would have been increased in the center away from the edges.

The Court of Appeals suggests other precautions such as "structural erections" and "awnings". Libelants have not sustained their burden of showing that such structural erections or awnings would have been feasible. The Court of Appeals stated its inability to say that there were no other feasible ways for protecting cargo from the sun. Libelants have had their opportunity to give evidence of any and have not produced it.

■ Libelants have thus failed to sustain their burden of proving that petitioner and respondent were negligent in failing to cover the cargo to protect it from the sun.

On the question whether petitioner and respondent were negligent in failing to cover the cargo to protect it from outside ignition, the findings of the Court of Appeals compel the conclusion that a tarpaulin cover would have been less inflammable than the bagging in which the naphthalene was contained. The Court of Appeals found that there was no evidence in the record that gases and creosote oil could have impregnated the tarpaulin as they would the bagging. Hence a tarpaulin cover would have been more resistant to ignition by something like a cigarette butt than the bagging.

■ As above stated, however, the use of a tarpaulin cover would have increased the heat of the naphthalene. The Court of Appeals found that increased heat would increase the volume of gas. It also found, at page 783, that "gas was a dangerous substance, and in view of the likelihood of ignition by sparks, burning cigarettes or cigars, the production of excess quantities of the gas could well be the proximate cause of the fire". Those in charge of the stowage were thus faced with the problem of balancing the protection of a tarpaulin cover as a spark arrester against its danger as a gas producer. I cannot say that the problem was decided incorrectly. Thus libelants have failed to sustain their burden of proving that petitioner and respondent were negligent in failing to cover the cargo to protect it from outside ignition.

The Court of Appeals' opinion, after requiring a finding whether petitioner and respondent were negligent, continued, "If so, was the negligence the cause of the damage?" While the letter of the opinion thus required a finding on the question of causation only if negligence were found, I feel that, in the event of a second appeal and possible reversal of my findings on negligence, a finding on causation may be of value.

■ I shall therefore assume, for present purposes, that petitioner and respondent were negligent in failing to cover the cargo to protect it from the sun or from outside ignition. That raises the question whether libelants have sustained the burden of proof that the fire was proximately caused by ignition of the stow either by the sun or by outside ignition or by a combination of the two.

The origin of the fire remains a mystery. There is no direct evidence as to its cause. If a determination of its cause is to be made it must be made upon circumstantial evidence. The circumstantial evidence is insufficient to do more than raise various fields of speculation as to the fire's cause.

The Court of Appeals suggested at page 786 that I might find "that the increased amount of gas generated by the sun's heat was confined to the top layer of burlap bags and was rapidly dissipated by the wind, so that it was not a cause of disaster". I do find that the increased amount of gas generated by the sun's heat was confined to the top layer of burlap bags and was rapidly dissipated by the wind. I am also impressed by the fact that the fire started at 11:15 at night, so that the 120° noonday heat found by the Court of Appeals would in the nature of things have ceased to have any effect. I do not make the suggested finding, however, that the increased amount of gas was not a cause of the disaster. I find merely that libelants have not sustained their burden of proof that it was a cause of the disaster.

If we could say that the evidence preponderates that the fire could not have been caused except as a result of the sun or outside ignition or a combination of the two, that would be enough on which to base a holding that the disaster was caused by the assumed negligence. There is always, however, the likelihood that the fire was caused by spontaneous combustion of the bagging unaided by the sun.

In fact I find that that is the most probable cause of the fire, although, if petitioner and respondent had had the burden of proving that proposition, I would have been hardly more able to find that they had done so than I have been able to find that libelants have sustained their burden of proving that the fire was caused by failure to protect the stow from the sun or outside ignition. The fact that the fire started in the middle, rather than on the top, of the stow in-dicates that the heat of the sun or outside ignition had nothing to do with it.

The Court of Appeals suggests at page 787 the possibility of a combination of spontaneous combustion and heat of the sun and says that the "[f]ailure to negative completely the possibility of spontaneous combustion does not prevent recovery here if it is shown that the catastrophe was in fact caused by negligent failure to protect the cargo from the sun." There is, however, no more evidence that the negligent failure to protect the cargo from the sun in combination with spontaneous combustion caused the catastrophe than that the negligent failure to protect the cargo from the sun by itself caused the catastrophe. I find that libelants have failed to sustain their burden of proving either.

By no process except speculation can it be said that the failure to protect the stow from the sun and outside ignition caused the disaster. To brand those who directed the stowage with responsibility for the loss of four lives and a ship and cargo upon such speculation would be a cruel injustice.

I again grant the petition for exoneration from liability and deny libelants any recovery.